IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIFFANY RACHELL BELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-2142 |
| LELAND DUDEK,[1] *Acting Commissioner of Social Security,* | ) ) ) ) |
| Defendant. | ) ) |

O R D E R

AND NOW, this 25th day of April, 2025, upon consideration of the parties' cross-motions for summary judgment, the Court, after reviewing the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Act, 42 U.S.C. §§ 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because

---

[1] Leland Dudek is substituted as the defendant in this matter, pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

1

it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[2]

---

[2] Plaintiff contends the Administrative Law Judge ("ALJ") erred by failing to mention all the opinions and joint opinions of Dr. Julie Garbutt, M.D., Plaintiff's treating psychiatrist, and Penny (Croyle) Stouffer, M.S., Plaintiff's treating therapist, and by rejecting these opinions. (Doc. No. 16). Similarly, Plaintiff contends the ALJ erred by failing to include any of Dr. Garbutt's opined limitations into her residual functional capacity ("RFC"). (*Id.* at 35). Plaintiff further asserts that the ALJ ignored medical records and Plaintiff's testimony regarding her fatigue, hand tremors, and subjective complaints of pain. (*Id.* at 38-39, 42-43). Lastly, Plaintiff posits that the ALJ improperly disregarded the testimony of the Vocational Expert ("VE") and relied on an incomplete hypothetical question. (*Id.* at 41-42). Upon consideration of the record, the Court disagrees with Plaintiff and finds the ALJ's decision is supported by substantial evidence.

> The ALJ reviewed all the evidence and crafted the following RFC for Plaintiff:
>
> [T]he undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that she was limited to standing or walking for six hours in an eight hour workday; she could sit for at least two hours in an eight hour workday; she would need to sit once per hour to change positions; no more than occasional climbing of stairs or inclines, balancing, stooping, kneeling, crouching, crawling, or overhead reaching; no more than frequent bilateral manual dexterity, but one hand or the other could be used constantly; no temperature extremes, excessive levels of wetness or humidity, or occupational hazards such as unprotected heights, dangerous machinery, ropes, ladders, or scaffolds; no more than simple, routine, repetitive tasks that would be performed in a low stress work environment, defined as one involving no high volume productivity and very infrequent unexpected changes; and no more than occasional interaction with the public, co-workers, and supervisors.

(R. 21). Plaintiff posits that the ALJ erred in formulating this RFC because he ignored several of the opinions and joint opinions of Dr. Garbutt and Ms. Stouffer and overlooked medical records and Plaintiff's testimony as to her fatigue, hand tremors, and subjective complaints of pain. (Doc. No. 16). The Court disagrees for the following reasons.

The Court finds no merit in Plaintiff's argument that the ALJ committed reversible error by failing to mention all five of Dr. Garbutt's and/or Ms. Stouffer's opinions at

Exhibits 33F, 34F, B10F, B21F, and B27F.  (*Id.* at 28-34).   These reports are dated April 16, 2018 (Exs. 33F, 34F; R. 1225-34); February 13 and February 14, 2020 (Ex. B10F); December 4, 2020 and January 11, 2021 (Ex. B21F); and August 22, 2022 (Ex. B27F). Plaintiff is correct that the ALJ did not mention two of these reports, specifically Exhibits 33F and 34F.   However, this omission does not require remand.   Exhibit 33F is a mental impairment questionnaire and Exhibit 34F is a physical RFC questionnaire, both of which were authored by Ms. Stouffer and Dr. Garbutt, who appears to have signed next to Ms. Stouffer's signature.    These questionnaires are both dated April 16, 2018.   The ALJ did not err by failing to mention these questionnaires because they are both dated prior to Plaintiff's disability onset date, October 18, 2018.  (R. 20).  Moreover, Exhibit 34F, a physical RFC questionnaire, was outside of Ms. Croyle's and Dr. Garbutt's scope of treatment as Plaintiff's therapist and psychiatrist.  *See Whack v. Astrue*, No. 06-4917, 2008 WL 509210, at *6 n.10 (E.D. Pa. Feb. 26, 2008) (noting "the ALJ need not reference every piece of evidence in the record, particularly a mental assessment from a non-specialist primary care physician.") (citations omitted).   Additionally, both of these exhibits relate to Plaintiff's prior claim of disability, which was adjudicated and then affirmed in 2021.   *See Bell v. Saul*, No. 19-1099, 2021 WL 1196718, at *1 n.1 (W.D. Pa. Mar. 30, 2021).    Given this, it was reasonable for the ALJ not to consider these questionnaires.  *See Magee v. Colvin*, No. 2:13-cv-94, 2014 WL 794316, at *10 (W.D. Pa. Feb. 27, 2014) (noting that an ALJ does not commit reversible error when he or she declines to review and discuss medical evidence which essentially is identical to the medical evidence submitted in support of a previously adjudicated claim).

As to the joint opinions of Dr. Garbutt and Ms. Stouffer at Exhibits B10F, B21F, and B27F, the ALJ did analyze these opinions properly and concluded that they were minimally persuasive.   (R. 24-25).   The ALJ noted that these opinions were "only minimally persuasive as they [were] not consistent with the overall medical evidence of record, including the authors' own records, which consistently show significant functionality and positive responses to medications, and reports that claimant is doing well, as discussed at length above."  (R. 24).   The ALJ further commented on Dr. Garbutt's and Ms. Stouffer's opined limitations at Exhibits B21F and B27F, stating,

> I also note that in Exhibits B21F and B27F, the claimant's treating psychiatrist and therapist opined that the claimant suffered from multiple marked (unable to meet competitive standards) and extreme (no useful ability to function) limitations.  This level of limitation is clearly not supported by the overall medical evidence of record.  As noted above, medical evidence of record repeatedly refers to the claimant reporting doing well, having good responses to medications, having stable moods and reduced symptoms, and engaging in a wide range of activities.   A finding of marked and extreme limitations is especially contradicted by the treatment notes and the claimant's testimony showing that her psychiatric

3

> symptomology was greatly improved following completion of her intensive outpatient program.

(R. 25) (citation omitted).  The Court finds this was a proper consistency and supportability analysis of Exhibits B21F and B27F as the ALJ explained that the opined limitations in these exhibits were not consistent with the medical evidence and were not supported by Dr. Garbutt's treatment notes.  (To the extent Plaintiff argues that the ALJ did not properly analyze the consistency or supportability of one of these several exhibits -- Exhibit B10F -- the Court finds this to be harmless error as the ALJ need not discuss each medical opinion from a single medical source "individually," but rather need only provide a "single analysis for the medical source[,]" which he did properly here.  20 C.F.R. § 404.1520c(b)(1)).

Plaintiff's argument that the ALJ erred by failing to include any of Dr. Garbutt's opined limitations into her RFC is also without merit.  The ALJ found Dr. Garbutt's opinions minimally persuasive, as explained above, and he was under no obligation to incorporate her opined limitations into Plaintiff's RFC.  *See Wilkinson v. Comm'r of Sec. Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014) (stating "no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives that source's opinion as a whole 'significant' weight.").  Dr. Garbutt and Ms. Stouffer opined in Exs. B10F, B21F, and B27F that Plaintiff had marked and extreme limitations in every area of mental functioning.  (Exs. B10F/3-4; B21F/6-7; B27F/1-2).  The ALJ compared these opinions against the broader record, which showed, among other things, that Plaintiff engaged in a wide array of daily activities, including preparing simple meals, performing light household chores, and taking a beach vacation.  (R. 21, 24).  Based on the record as a whole, the ALJ included mental and social limitations in Plaintiff's RFC, including limiting her to simple, routine, repetitive tasks performed in low stress work environments and no more than occasional interaction with the public, co-workers, and supervisors.  (R. 21).  Accordingly, the Court finds no error in the ALJ's failure to include Dr. Garbutt's opined limitations into Plaintiff's RFC.

The Court also rejects Plaintiff's argument that the ALJ overlooked medical evidence and Plaintiff's testimony as to her fatigue, hand tremors, and subjective complaints of pain.  The ALJ acknowledged Plaintiff's complaints of fatigue, specifically her testimony that she had trouble staying awake more than five hours at a time.  (R. 22-23).  Considering this, the ALJ added postural limitations equal or more limiting than those opined by the state agency physicians to accommodate Plaintiff's fatigue.  (R. 21, Exs. B3A/8-9, B5A/8-10) (showing the state agency physicians opined that Plaintiff be limited to no more than occasional climbing of stairs or inclines, frequently or occasionally balancing, stooping, and kneeling, occasionally crouching, crawling, and noting that the reason for these opined limitations was "fatigue").  Additionally, the ALJ also noted that Plaintiff's fatigue improved with medication adjustments.  (R. 23, 1460).

4

Further, the ALJ did not overlook evidence of Plaintiff's hand tremors and subjective complaints of pain. The ALJ acknowledged that Plaintiff had hand tremors, that she was put on medication for these, and that they improved as a result. (R. 23). The ALJ also heard Plaintiff's testimony regarding the tremors. (Doc. No. 11 at 1775). Moreover, the hand tremors did not cause abnormal movements and Plaintiff's strength and sensation were fully intact. (R. 1648). Additionally, the ALJ considered Plaintiff's complaints of pain and noted that Plaintiff alleged an inability to sustain work due to pain, that she experienced ankle and hip pain, and heard Plaintiff testify about her discomfort while standing and walking. (R. 22, 24; Doc. No. 11 at 1779, 1783-85). The ALJ considered all of this and crafted Plaintiff's RFC after concluding that Plaintiff's testimony was not consistent with the record. (R. 22).

Lastly, the Court finds no merit in Plaintiff's argument that the ALJ improperly disregarded the testimony of the VE and relied on an incomplete hypothetical. Plaintiff contends that the ALJ should have included in the VE hypothetical that she would be off task more than 10% of the workday, would need to rest at work due to fatigue, and would be absent more than one day per month. (Doc. No. 16 at 41-42). She further contends that she cannot perform the VE's identified job of deliverer because she cannot drive throughout the day, a limitation that is supported by the opinion of Jessica Spagnolo, N.P. (*Id.*). The Court rejects both of these arguments for the following reasons.

The ALJ did not rely on an incomplete VE hypothetical, rather the hypothetical posed to the VE contained all of Plaintiff's "credibly established" limitations. (R. 21; Doc. No. 11 at 1794-95). *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005). The ALJ was under no obligation to include off-task time, limitations incorporating Plaintiff's fatigue, and absences as the ALJ properly rejected limitations incorporating Plaintiff's fatigue, hand tremors, and pain for the reasons explained above. Accordingly, the VE hypothetical was complete as it contained all of Plaintiff's "credibly established" limitations as incorporated into her RFC. (R. 21; Doc. No. 11 at 1794-95). *Rutherford*, 399 F.3d at 554 n.8 (noting a challenge to the VE hypothetical is essentially a challenge to the RFC finding itself).

Further, the ALJ did not err by failing to include driving limitations into Plaintiff's RFC and for identifying the job of deliverer as an occupation Plaintiff could perform given her RFC. The ALJ assessed Nurse Spagnolo's opinion and incorporated many of her opined limitations into the RFC. (R. 25). While the ALJ did not specifically address her opined limitation regarding driving, the ALJ did hear testimony from Plaintiff that she does not drive often and avoids driving in the winter. (Doc. No. 11 at 1763, 1764). The ALJ properly found Plaintiff's complaints not consistent with the overall record, as explained above, and did not include this driving limitation in Plaintiff's RFC. (R. 22, 25). Accordingly, the VE properly identified the job of deliverer as a possible job

5

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 15) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 18) is GRANTED.

<u>s/Mark R. Hornak</u><br>
Chief United States District Judge

ecf:	Counsel of record

---

Plaintiff could perform given her RFC limitations.  (R. 26).  Further, even if the ALJ should have included a driving limitations in Plaintiff's RFC, this would not be an issue requiring remand as the ALJ identified two other jobs, Marker and Router, neither of which require driving and containing a combined total of over 150,000 jobs nationally.  (*Id.*). Thus, this argument is without merit.  *See Henderson v. Social Sec. Admin.*, 87 Fed. Appx. 248, 253 (3d Cir. 2004) (stating "[t]he regulations specifically require a finding of a significant number of jobs, and do not require the existence of multiple occupations"); *Wilkinson v. Comm'r of Soc. Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014) (citation omitted) (noting the ALJ satisfies his or her burden at Step Five when identifying "at least one occupation with a significant number of jobs in the national economy that the claimant can perform.").

All told, the ALJ's findings and conclusions are supported by substantial evidence. Accordingly, the decision of the Commissioner must be affirmed.